# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JULIE MORRIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO._____ |
| | ) |
| WALMART STORES EAST LP, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Julie Morris, Plaintiff herein, and hereby files this Complaint for Injunctive Relief and Damages, against Walmart Stores East LP (hereinafter "Walmart"), Defendant herein, showing the Court the following:

### Jurisdiction and Venue

1.

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* (hereinafter "the ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter "the FMLA"), and 42 U.S.C. § 1981. The jurisdiction of the Court is conferred pursuant to 28 U.S.C. § 1331, and § 1343.

2.

Plaintiff timely filed an EEOC charge (No. 410-2020-04783) and received a notice of right to sue. Mrs. Morris is filing this action within 90 days of his receipt of the notice of right to sue. Therefore, she has exhausted her administrative remedies.

Venue is proper in this court as Defendant conducts business in this district and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## **The Parties**

3.

Plaintiff is and was at all times herein a resident of the State of Georgia and entitled to bring actions of this kind and nature. Mrs. Morris at all times material hereto, Plaintiff was an "employee" of Defendant as defined under the ADA, and FMLA, and entitled to protection under 42 U.S.C. § 1981.

4.

Defendant is a Georgia corporation doing business in the Northern District of Georgia, and an "employer" as defined under the ADA, FMLA, and is under 42 U.S.C. § 1981. Walmart may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## FACTS

5.

Plaintiff Morris was employed by Defendant beginning in 2012 until she was terminated on October 12, 2019. Plaintiff suffers from a chronic and serious health condition which requires intermittent leave.

Morris initially requested FMLA leave but was falsely told that she was not eligible. On September 9, 2019, her medical provider sent Walmart an accommodation request for her for absences due to her condition.

The specific request was not granted, but an alternative accommodation was approved by Walmart by letter of September 23, 2019. The alternative approved was to excuse absences of one episode per month with each episode lasting up to three (3) days.

Subsequently, Plaintiff had an episode of her disability occurring October 9, 10, & 11, 2019. Despite these absences being excused she was terminated by Walmart on October 12, 2019 and told it was because of too many absences.

## COUNT I

## VIOLATION OF ADA – FAILURE TO REASONABLY ACCOMMODATE

6.

Plaintiff realleges and incorporates herein paragraphs 1-5 of this Complaint.

7.

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the ADA, as amended, 42 U.S.C. § 12102 (1) (C) inasmuch as she was a person with an impairment as defined by the Act.

8.

Defendant's actions in failing to reasonably accommodate Plaintiff due to her disability amount to a violation of Section 102 of the ADA, as amended, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

9.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## **COUNT II**

### **VIOLATION OF THE ADA-DISCRIMINATORY DISCHARGE**

9.

Plaintiff realleges and incorporates herein preceding paragraphs 1-5 of this Complaint.

10.

Defendant's action in terminating Plaintiff due to her disability amounts to a violation of Section 102 of the ADA, as amended, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

11.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## COUNT III

### INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF RIGHTS PROVIDED BY THE FAMILY AND MEDICAL LEAVE ACT

12.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

13.

Mrs. Morris's condition made her eligible for 12 weeks of FMLA leave. 29 U.S.C. § 2611 (11), 29 CFR § 825.115 and 29 CFR § 825.120.

14.

Plaintiff contacted Walmart officials and told them of her condition and requested FMLA leave. Plaintiff provided Defendant with "adequate notice" of her health condition, the inability to work due to her condition, and that she would be taking FMLA leave, all actions protected under the FMLA.

15.

On September 9, 2019 Plaintiff was terminated by Defendant for "too many absences". Defendant's termination of Mrs. Morris constitutes interference with restraint of, and denial of the rights afforded Plaintiff by the FMLA.

16.

As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## COUNT IV

### RETALIATION FOR CONDUCT PROTECTED BY THE FAMILY AND MEDICAL LEAVE ACT

17.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

18.

Defendant's termination of Mrs. Morris constitutes retaliation against her because of conduct that is protected by the FMLA.

18.

As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

**a.** That Plaintiff receive a trial by jury.

**b.** That Plaintiff recover from Defendant back pay, benefits, and interest due and payable.

**c.** That Plaintiff recover from Defendant front pay and benefits, or, in lieu of recovering front pay and benefits, that Plaintiff be reinstated to an appropriate position.

**d.** That Plaintiff recover from Defendant an amount of damages to compensate her for the emotional pain and suffering she has endured as a result of Defendant's discriminatory, retaliatory, and tortious acts.

**e.**     That Plaintiff recover from Defendant punitive damages under 42 U.S.C. § 1981(a)(1), and the ADA, in an amount sufficient to punish Defendant for its actions and to deter them from discriminating against their employees in the future.

**f.**     That Plaintiff be granted declaratory relief.

**g.**     That Plaintiff be granted injunctive relief to prevent Defendant from engaging in such discriminatory conduct in the future.

**h.**     That Plaintiff recover from Defendant her costs incurred in bringing this action; including her attorney's fees and expenses of litigation.

**i.**     That Plaintiff be awarded prejudgment interest.

**j.**     That Plaintiff have such other and further relief as this Court deems just and proper.

Respectfully submitted this 22nd day of February 2021.

_s/Jack Rosenberg__
Jack Rosenberg
Georgia Bar No. 614475
Suite 53
5425 Glenridge Drive
Atlanta, GA  30342
Telephone: (404) 343-1091
Facsimile: (404) 343-1497
jackrosenberg2@gmail.com